IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRUCE A. HANCOCK, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-1380-D |
| | ) |
| OCWEN LOAN SERVICING, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court are Plaintiff's Motion for Preliminary Injunction Hearing and/or Ruling on Preliminary Injunction [Doc. No. 10], filed December 24, 2014, and Plaintiff's Motion for Temporary Restraining Order [Doc. No. 22], filed January 5, 2015. At the Court's direction, Defendant Ocwen Loan Servicing, LLC ("Ocwen") has responded to the Motion for Preliminary Injunction. Also, on the same day that Plaintiff moved for a preliminary injunction, Ocwen filed a motion to dismiss the Amended Complaint. Although Ocwen's motion is not fully briefed, Ocwen relies on the arguments presented in support of its motion to oppose Plaintiff's Motion.

Plaintiff Bruce A. Hancock, Jr., who appears *pro se*, seeks an injunction pursuant to Fed. R. Civ. P. 65(a), prohibiting Ocwen from proceeding with a foreclosure sale of his residence scheduled to occur on January 8, 2015. Without injunctive relief, a sheriff's sale of the subject property will be carried out pursuant to a special execution and order of sale issued by the District Court of Oklahoma County, Oklahoma, in the foreclosure proceeding styled, *Greenpoint Mortgage Funding, Inc. v. Hancock*, Case No. CJ-2008-2068 (D.C. Okla. County, Okla. Nov. 10, 2014).[1] Plaintiff asks

---

[1] Neither Plaintiff nor Ocwen has provided a copy of this document, but it is reflected on the state court docket sheet. *See* Def. Ocwen's Br. Supp. Mot. Dism., Ex. A [Doc. No. 15-1], p.18. Also, Plaintiff has submitted a notice of sale dated November 13, 2014, that references the document. *See* Pl.'s Mot. Prelim. Inj., attach. 5 [Doc. No. 10-1].

the Court "to issue a preliminary injunction ordering Ocwen to cease all foreclosure proceedings until a hearing can be held on this matter." *See* Motion for Prelim. Inj. [Doc No. 10] at 2.

Plaintiff commenced this action against Ocwen and two consumer reporting agencies on December 15, 2014, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*., and, as to Ocwen, violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(3). Plaintiff alleges he had two real estate mortgages that were discharged in a Chapter 7 bankruptcy case in February, 2012, but that Ocwen subsequently began foreclosure proceedings regarding a mortgage lien on his home. Plaintiff claims, among other things, that Ocwen has furnished inaccurate information to credit reporting agencies and that the agencies have failed to correct his credit report after he notified them of a dispute regarding certain debts, including the mortgage in foreclosure. As relief, Plaintiff seeks to recover statutory penalties and damages and to obtain a permanent injunction requiring correction of his credit reports. In his Amended Complaint, Plaintiff also requests a "preliminary injunction ordering Ocwen to cease foreclosure proceedings and respond to Plaintiff's requests for a loan modification and renewal of his HAMP[2] participation so that Plaintiff can remain in his home." *See* Am. Compl. [Doc. No. 6], p.8.

The last request is the focus of Plaintiff's Motion for Preliminary Injunction. Plaintiff alleges that he initiated the process for participating in a loan modification program with a prior mortgage lender and that Ocwen has not responded to Plaintiff's requests for participation in the program since his account was transferred to Ocwen in December, 2013. It is unclear how these allegations relate to the claims asserted in the Amended Complaint. Plaintiff's position regarding his claims against Ocwen appears to be that the debt was discharged in bankruptcy and, presumably, is not owed at all.

---

[2] This acronym refers to a federal program, the Home Affordable Modification Program, administered by Fannie Mae.

Also, Ocwen's role in the foreclosure is unclear. The state court docket sheet for the case does not list Ocwen as an interested party, and Ocwen denies that it is a party to the foreclosure proceeding.

Ocwen has moved to dismiss this action for lack of subject matter jurisdiction on the ground that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. Ocwen contends Plaintiff is attempting to collaterally attack a final judgment previously entered in the foreclosure action. The Court finds that it need not decide the question of jurisdiction before ruling on Plaintiff's Motion for Preliminary Injunction because the injunction sought is not available in any event.

As shown by the foreclosure case record and documents submitted by Ocwen in this case, a foreclosure judgment was entered in August, 2009, and Plaintiff's appeal from the judgment was dismissed in May, 2014. *See* Ocwen's Br. Supp. Mot. Dism., Ex. A [Doc. No. 15-1], pp.8, 17; Ex. B [Doc. No. 15-2]; Ocwen's Resp. Pl.'s Mot. Prelim. Inj., Ex. B [Doc. No. 23-2]. It appears that the time for asserting any defense that Plaintiff may have to the mortgage lien, including any alleged right to participation in a loan modification program, has passed. At the least, if Plaintiff has a valid basis to stop the foreclosure sale or to prevent confirmation of any sale that is made, then the state court action is the proper forum for Plaintiff to assert his right to remain in his home.

> A federal court's authority to interfere with a state court proceeding is limited.
>
> [U]nder the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary to aid in its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Supreme Court has made clear that the statute imposes an absolute ban on federal injunctions against pending state court proceedings, in the absence of one of the recognized exceptions in the law.

*Phelps v. Hamilton*, 122 F.3d 1309, 1324-25 (10th Cir. 1997) (citing *Mitchum v. Foster*, 407 U.S. 225, 228-29 (1972)); *see also Atlantic Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970) (the Anti-Injunction Act "is an absolute prohibition against enjoining state court

proceedings, unless the injunction falls within one of three specifically defined exceptions"). "It is settled that the prohibition of § 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding." *Atlantic Coast*, 398 U.S. at 287. Plaintiff does not allege any facts, nor does the record otherwise suggest any basis, for this Court to enjoin the state court foreclosure proceeding or to enjoin a party to the foreclosure case from proceeding with execution of the state court judgment.

For these reasons, the Court declines to enjoin the foreclosure sale or to enjoin Ocwen, if it is a party, from proceeding in the state court foreclosure case.

IT IS THEREFORE ORDERED that the Motion for Preliminary Injunction Hearing and/or Ruling on Preliminary Injunction [Doc. No. 10] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Temporary Restraining Order [Doc. No. 22] is DENIED as moot.

IT IS SO ORDERED this 6th day of January, 2015.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE