IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

BRUCE A. HANCOCK, JR., )
)
    Plaintiff, )
)
v. ) Case No. CIV-14-1380-D
)
OCWEN LOAN SERVICING, LLC, *et al.*, )
)
    Defendants. )

**O R D E R**

Before the Court is the Motion to Vacate Judgment on Motion for Preliminary Injunction Hearing and/or Ruling on Preliminary Injunction [Doc. No. 34], filed *pro se* by Plaintiff Bruce A. Hancock, Jr. Citing Fed. R. Civ. P. 60(b), Plaintiff asks the Court to reconsider the Order of January 6, 2015, which denied a preliminary injunction regarding a state court foreclosure action against him.

Plaintiff's reliance on Rule 60(b) is misplaced because the January 6 Order was not a final judgment. However, a district court has inherent power to revise interlocutory orders at any time before the entry of a final judgment. *See Warren v. American Bankers Ins.*, 507 F.3d 1239, 1243 (10th Cir. 2007); *Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1148 (10th Cir. 1991). The appropriate circumstances for revisiting issues previously decided in a case are limited.

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues

already addressed or advance arguments that could have been raised in prior briefing.

*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted); *see Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see also Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012).

By the instant Motion, Plaintiff presents additional attacks on the judgment entered in favor of the plaintiff in the mortgage foreclosure case, *Greenpoint Mortgage Funding, Inc. v. Hancock*, Case No. CJ-2008-2068 (D.C. Okla. County, Okla. Aug. 9, 2009). Plaintiff does not address the reasons why this Court denied his request for preliminary injunctive relief. Therefore, upon consideration of Plaintiff's Motion under the applicable legal standards, the Court finds no basis to grant relief from the January 6 Order.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Vacate Judgment on Motion for Preliminary Injunction Hearing and/or Ruling on Preliminary Injunction [Doc. No. 34] is DENIED.

IT IS SO ORDERED this 13th day of January, 2015.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE