IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRUCE A. HANCOCK, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-14-1380-D ) |
| OCWEN LOAN SERVICING, LLC, *et al.*, | ) ) |
| Defendants. | ) ) |

**O R D E R**

Before the Court are two motions to dismiss Plaintiff's Amended Complaint filed by Defendant Ocwen Loan Servicing, LLC ("Ocwen") pursuant to Rule 12(b)(1) and (b)(6), Fed. R. Civ. P. [Doc. No. 14], and by Defendant Trans Union LLC ("Trans Union") pursuant to Rule 12(b)(6) [Doc. No. 31]. Plaintiff Bruce A. Hancock, Jr., who appears *pro se*, has responded to the motions, which are fully briefed.[1]

Plaintiff brings suit under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, and as to Ocwen, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* Plaintiff alleges that he had two real estate mortgages that were discharged in a Chapter 7 bankruptcy case in February, 2012, but that Ocwen subsequently began foreclosure proceedings regarding a mortgage lien on his home. Plaintiff claims, among other things, that Ocwen has furnished inaccurate information to credit reporting agencies and that the agencies have failed to correct his credit report after he notified them of a dispute regarding certain debts, including the mortgage in foreclosure. As relief, Plaintiff seeks to recover statutory penalties and damages and to obtain a permanent injunction requiring the correction of his credit reports.

---

[1] Neither movant filed a reply brief within the time period provided by LCvR7.1(i).

Ocwen moves to dismiss the action for lack of subject matter jurisdiction on the ground that Plaintiff's claims are barred by the *Rooker-Feldman*[2] doctrine. Ocwen contends Plaintiff is attempting to collaterally attack a final judgment previously entered in the foreclosure action. Ocwen also contends that the Amended Complaint is insufficient to state a basis for a temporary restraining order (TRO) or preliminary injunction regarding the foreclosure sale, as prayed for in the Amended Complaint. This latter contention has been overcome by subsequent events. The Court denied Plaintiff's motions for a TRO and a preliminary injunction by Order of January 6, 2015.

Trans Union moves for dismissal on the ground that the factual allegations of the Amended Complaint fail to provide fair notice of the basis of Plaintiff's claims against it, as required by Fed. R. Civ. P. 8(a). Trans Union contends the allegations of the Amended Complaint fail to identify which consumer accounts are the subject of Plaintiff's action and what is inaccurate about its report of the accounts. Trans Union also notes that the Amended Complaint mentions state law claims, makes conclusory allegations of defamation, and references an FCRA provision, 15 U.S.C. § 1681h, which bars such an action by a consumer against any consumer reporting agency "except as to false information furnished with malice or willful intent to injure such consumer." *See id.*, § 1681h(e). Trans Union asserts that Plaintiff does not allege a plausible defamation claim that falls within this exception. Trans Union also asserts that the injunctive relief sought is not available in a private action under FCRA.

**Standard of Decision**

---

[2] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Thus, in assessing plausibility, a court should first disregard conclusory allegations and "next consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.

## Discussion

**A.     *Rooker-Feldman* Doctrine**

As shown by the foreclosure case record and documents submitted by Ocwen in this case, a foreclosure judgment was entered in August, 2009, and Plaintiff's appeal from the judgment was dismissed in May, 2014.[3] *See* Ocwen's Br. Supp. Mot. Dism., Ex. A [Doc. No. 15-1], pp.8, 17; Ex. B [Doc. No. 15-2]; Ocwen's Resp. Pl.'s Mot. Prelim. Inj., Ex. B [Doc. No. 23-2]. It appears that the time for asserting any defense that Plaintiff may have to the mortgage lien has passed, or at least, any valid basis to seek relief from the judgment or prevent a foreclosure sale of the property must be asserted in the state court action. However, the *Rooker-Feldman* doctrine is not based on any doctrine of issue or claim preclusion. Upon consideration, the Court finds that Ocwen's contention

---

[3] The district court received the appellate court's mandate of dismissal in June, 2014.

that the doctrine deprives federal courts of subject matter jurisdiction to hear Plaintiff's claims is mistaken.

The *Rooker-Feldman* doctrine "prohibits federal suits that amount to appeals of state-court judgments." *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006). The Supreme Court has made clear that the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *ExxonMobil Corp. v. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517, 1521-22 (2005); *see Bolden*, 441 F.3d at 1142-43. "Thus, the *Rooker-Feldman* doctrine prevents 'a party losing in state court . . . from seeking what in substance would be appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)). "When the state-court judgment is not itself at issue, the doctrine does not prohibit federal suits regarding the same subject matter, or even the same claims, as those presented in the state-court action." *Bolden*, 441 F.3d at 1139.

In his Amended Complaint, Plaintiff plainly attempts to assert independent federal claims against Ocwen, not appellate review of the Final Journal Entry of Judgment entered in the state court foreclosure action. *See* Ocwen's Br. Supp. Mot. Dism., Ex. 2 [Doc. No. 15-2]. While Plaintiff's claims of inaccurate reporting in violation of FCRA may be inconsistent with the state court judgment and barred by preclusion principles, they are not barred by the *Rooker-Feldman* doctrine. This was the holding of the Tenth Circuit in a recent unpublished decision on which Ocwen relies. In *Castro v. Kondaur Capital Corp.*, 541 F. App'x 833, 837-38, (10th Cir. 2013), the court "agree[d] completely with the district court's analysis and conclusions" that the *pro se* plaintiffs' due process

4

claim "would impermissibly involve a reexamination of the underlying state court proceedings and judgment" and so was barred by the *Rooker-Feldman* doctrine, but their federal claims under the Fair Debt Collection Practices Act should be dismissed "as barred by collateral estoppel." Similarly in this case, Plaintiff's claims are not barred by the *Rooker-Feldman* doctrine.

For this reason, the Court finds that Ocwen's asserted basis for dismissal of the action lacks merit, and its motion must be denied.

**B.      FCRA Claim**

As to Trans Union, the Amended Complaint claims that Trans Union has been reporting the Ocwen mortgage account and multiple other mortgage accounts (referencing "Chase, GMAC, ASC, Homewardres, Green Point, and Bank of America") for two years and not reflecting his February 2012 bankruptcy discharge. *See* Am. Compl. [Doc. No. 6], p.3. Specifically, Plaintiff alleges that a Trans Union credit report shows real estate accounts with certain numbers are "active with large payment amounts and balances." *See id.*, p.4. At other points in the Amended Complaint, Plaintiff also refers to other accounts he contends were incorrectly reported, and he references attachments to his pleading that appear to be online credit reports obtained from Trans Union. *See id.*, p.6 & Ex. B, Ex. F [Doc. Nos. 6-2, 6-6]. Plaintiff alleges that unspecified "consumer reporting agencies" received notice of Plaintiff's dispute of inaccurate information in his credit report in March, 2014, and that Trans Union did not perform its duties under FCRA to notify the furnishers of information of the dispute, to perform a reasonable investigation, and to correct inaccurate information, citing 15 U.S.C. §1681e.

Upon examination of the Amended Complaint and Plaintiff's response to Trans Union's motion, the Court finds that Plaintiff has failed to provide sufficient factual allegations to show that he is entitled to relief on his FCRA claim against Trans Union. First, the allegations of the Amended

Complaint regarding Trans Union are largely conclusory and fail to make clear what consumer accounts Plaintiff believes were inaccurately reported and the nature of the inaccuracy. Plaintiff's primary concern seems to be the omission of a 2012 bankruptcy discharge as to some accounts, particularly real estate mortgage accounts, but the Trans Union reports attached to his pleading reflect the bankruptcy and show a zero balance on the accounts.[4] One is left to wonder what is inaccurate about Trans Union's reporting. In his response to Trans Union's motion, Plaintiff implicitly concedes the deficiency in his pleading and proposes to clarify his claims by listing the accounts he claims were reported in error because they do not reference his Chapter 7 bankruptcy discharge. Even were the Court to consider these new matters, which it cannot do in assessing the sufficiency of Plaintiff's pleading under Rule 12(b)(6), the claimed inaccuracy remains unclear. An examination of the referenced report shows that all of the accounts listed in Plaintiff's brief reflect a zero balance and show that either they were closed before the 2011 bankruptcy or, as to Ocwen, reflect the Chapter 7 bankruptcy.

It appears that Plaintiff is attempting to assert an FCRA claim pursuant to § 1681e(b). To prevail on a consumer claim under this provision, "a plaintiff must establish that (1) the consumer reporting agency failed to follow reasonable procedures to assure the accuracy of its reports; (2) the report in question was, in fact, inaccurate; (3) the plaintiff suffered an injury; and (4) the consumer reporting agency's failure caused the plaintiff's injury." *Cassara v. DAC Servs., Inc.*, 276 F.3d 1210, 1217 (10th Cir. 2002). The Court finds insufficient factual allegations to support a claim under this theory. Plaintiff argues in his response brief that Trans Union is reporting "obsolete" information. *See* Pl.'s Resp. Br. [Doc. No. 37], p.4 (ECF numbering). Trans Union correctly states, however, that

---

[4] These attachments to the Amended Complaint are properly considered in deciding a Rule 12(b)(6) motion. *See Telltabs, Inc. v. Makor Issues & Rights,* Ltd., 551 U.S. 308, 323 (2007); *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013).

FCRA allows the inclusion of information in consumer reports regarding bankruptcy cases for a period of 10 years and regarding "[a]ccounts placed for collection or charged to profit and loss" for seven years, calculated in the manner provided by statute. *See* 15 U.S.C. § 1681c(a)-(c).

For these reasons, the Court finds that the Amended Complaint fails to state a plausible FCRA claim against Trans Union.

**C.     Defamation**

Plaintiff also makes conclusory statements in the Amended Complaint that "[a]ll defendants violated Plaintiff[']s state law rights by willfully and maliciously slandering the Plaintiff[']s reputation;" and all provided "defamatory information . . . [that] has caused the Plaintiff emotional damage." *See* Am. Compl. [Doc. No. 6], pp.2,7. These conclusory allegations are insufficient to suggest the necessary elements of a state law libel or defamation claim. Further, any defamation claim is preempted by FCRA because Plaintiff has failed to plead any factual circumstances that might bring his case within the exception of § 1681h(e).

**Conclusion**

For these reasons, the Court finds that Plaintiff's Amended Complaint fails to state a claim against Trans Union on which relief can be granted. The Court further finds that because the case remains pending against other defendants, and because the Amended Complaint was filed as a matter of right before any defendant had moved for dismissal, the dismissal should be without prejudice to further amendment by Plaintiff, if he can state a claim against Trans Union consistent with Fed. R. Civ. P. 11.

IT IS THEREFORE ORDERED that Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss Amended Complaint [Doc. No. 14] is DENIED, but Defendant Trans Union LLC's Motion

to Dismiss [Doc. No. 31] is GRANTED.  Plaintiff may file a second amended complaint within 14 days from the date of this Order.

IT IS SO ORDERED this 13th day of February, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE