IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

FILED

FEB 1 8 2015

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA
BY_____, DEPUTY

CIV-14- 1380-D

Bruce A. Hancock, Jr

Plaintiff,

v.

Ocwen Loan Servicing, LLC

Experian Information Solutions, Inc.

Trans Union, LLC

Defendants

Second Amended Complaint

PLAINTIFF BRUCE A. HANCOCK, JR. OPENING BRIEF IN SUPPORT OF MOTION FOR COMPENSATORY AND PUNITIVE DAMAGES AGAINST OCWEN LOAN SERVICING, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC

## STATEMENT OF JURISDICTION

Plaintiff cause of action comes into Federal jurisdiction under a Federal question posed pursuant to 1681s-2(a) and 1681s-2(b), 1681e, 1681e(b), 1681(n), 1681(o), title 15 of the United States Code. There are also questions brought pursuant to the Real Estate Settlement Procedures Act title 12 U.S.C. 2605(3) also known as the credit protection clause of the Real Estate Settlement Procedures Act (RESPA). Also, there are also questions of state law properly before the court due to the diverse citizenship of the parties. 28 U.S.C. 1332. Specifically, the plaintiff resides in one state, and the defendants are incorporated and doing business in another state.

## STATEMENT OF ISSUES

I. **The Defendant furnishers (Ocwen) in this case violated the Fair Credit Reporting Act negligently, willfully and maliciously 15 U.S.C. state statues 1681(o) and state statutes 1681(n) by reporting inaccurate information to Experian, Equifax, Trans Union, LLC and by failing to properly investigate the disputed credit report information in violation of subsections 1681s-2(a) and 1681s-2(b).**

II. **The Defendant (Ocwen) in this case violated the Real Estate Settlement Procedures Act credit protection subsection by continuing to report Plaintiffs payments information even though the accuracy of this information was disputed with the consumer protection agency by the Plaintiff. 12 U.S.C. 2605(3)**

III. **The Defendants Experian, Trans Union, LLC, violated the Fair Credit Reporting Act state statute 1681e by (1) not following reasonable procedures to establish the accuracy of the disputed information. (2) not following reasonable procedures when they failed to reinvestigate disputed items in plaintiff's credit report. (3) not following reasonable**

**procedures in correcting obsolete and inaccurate information. (4)These violations were willful in violation of 1681(n).**

**IV. The Defendants Experian, Trans Union, LLC, violated the Fair Credit Reporting Act state statute 1681e(b) by (1) when preparing a consumer report not following reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. (2) These violations were willful in violation of 1681(n).**

## STATEMENT OF FACTS

Plaintiff has two mortgages with Defendant (Ocwen, See Exhibit A) which were discharged via a chapter 7 bankruptcy proceedings on February 8, 2012. The Plaintiff had initiated the process in participating in (the loan modification program) via Bank of America Account (# 2215 See Exhibit A, page .9) who transferred his account to Ocwen (#713127), in December 2013. The plaintiff tried to continue the HAMP program with Ocwen in order to keep his home. However, Plaintiff's communications with Ocwen have been unanswered. The Plaintiff treats this as a denial in continuing participation in the HAMP program. Since, the bankruptcy, both of the Plaintiffs accounts have been reported inaccurately except for one, Plaintiff's second mortgage account with Ocwen (# 719037) The Plaintiff disputed his credit report with Experian in March 21, 2014 and it was updated April 2014. However, nothing had changed in his credit report, and now the Plaintiff is facing foreclosure. Ocwen which is the servicer of the

lien on his home begun foreclosure proceedings in Oklahoma County on November 10, 2014. Defendant Experian participated in the inaccurate reporting with Ocwen when they failed to update the previous disputed information after receiving notice of my discharged bankruptcy. Also, there was another account that Plaintiff disputed with Experian was American Education Services (page .6, *acct# 4475080879PA0,)* which was not reporting Plaintiff's discharged bankruptcy, after being disputed on March 21, 2014, and updated April 2014. Experian also did not follow reasonable procedures to assure maximum accuracy when the report was prepared. Also, Trans Union LLC had been inaccurately reporting American Education Services (AES) Account # 4475080879PAO, and Ocwen (account # 713127) in which plaintiff disputed these accounts, but were not updated to reflect plaintiff's discharged bankruptcy case (# 11-15686). Also, there were several other accounts (Chase #589000920, GMAC #41669, #41659, Ocwen #3359, ASC # 106110010, Homewardres # 647001550, Greenpoint # 480020060, #480020050, Bank of America # 5447, all accounts being reported inaccurately) and did not follow reasonable procedures to assure maximum accuracy when reports was prepared. Also, without reflecting plaintiff's bankruptcy discharge case (#11-15686) that was not updated reflecting his February 8, 2012, bankruptcy discharge for nearly 2 years.

## ARGUMENT

Plaintiff disputed the accuracy of his credit report with Experian on March 21, 2014 and updated April 2014. The reporting of Plaintiff's mortgages as current accounts and/or in foreclosure) as in this case the Plaintiffs first mortgage account with account (#713127) as being in foreclosure and past due more than 180 days in the amount of $119,273.00, for the month of December 2013, January 2014, which was and is clearly inaccurate do to the fact that plaintiff discharged his accounts on February 8, 2012. Both the furnishers and the consumer reporting agencies in this action received proper notice regarding Plaintiffs dispute of information on March 21, 2014. Plaintiff disputed in March 2014, claiming that information in his credit report was and is inaccurate. At this time the mortgagee (Ocwen) in this case had a duty to investigate the disputed information. Title 15 state statute 1681s-2(a) requires furnishers report accurate information to the credit bureaus. All of Plaintiff's accounts referenced in this action, were discharged in chapter 7 bankruptcy on February 8, 2012. Specifically, on Plaintiffs Experian credit report plaintiffs first mortgage was being reported inaccurately (Ocwen # 713127) and second mortgage (Ocwen #719037) was being reported accurately reflecting the discharged bankruptcy. Defendant pulled his Trans Union credit report on October 27, 2013 and Trans Union,

LLC, was not reflecting his bankruptcy case # (11-15686) discharge on AES Account # 4475080879PAO and not assuring maximum accuracy on his credit report for this particular account and violated 1681e(b), which were willful in violation of 1681(n). Defendant also previously disputed this account (AES Account # 4475080879PAO) with Trans Union, LLC, by evidence of credit report dated October 27, 2013 (see exhibit F, page 3) and this account still was not updated to reflect his bankruptcy discharge case 11-15686, and violated 1681e, which were willful in violation of 1681(n). Also, Trans Union, LLC by evidence of credit report dated November 30, 2014 (see exhibit B) did not assure maximum accuracy when preparing plaintiff's credit report on the following accounts: (Chase #589000920, GMAC #41669, #41659, Ocwen #3359, ASC # 106110010, Homewardres # 647001550, Greenpoint # 480020060, #480020050, Bank of America # 5447, all accounts being reported inaccurately) by not reflecting plaintiff's bankruptcy discharge case #11-15686, violated 1681e(b) which were willful in violation of 1681(n). This inaccurate reporting presents an inaccurate picture of the Plaintiff to his other creditors who may not know that all of this debt rather than being active, has been discharged by the court. Because they have been discharged by the courts, Ocwen was inaccurately reporting this information in violation of 1681s-2(a). Although, this section does not

give a private cause of action to the consumers, nonetheless, because 1681s-2(b) requires that information provided by the furnishers not to be inaccurate, after the investigation has been triggered, the question has arisen whether a duty to report information as disputed (by the consumer) contained in 1681s-2(a) is actionable under 1681s-2(e). *Collins v. BAC Home Loan Servicing LP 912 F. Supp. 2d 997 (D. Colo. 2012)*. The Plaintiff maintains that he has a cause of action under state statute 1681s-2(a) via 1681s-2(b). *Wolpoff v. Abramson LLP, 548 F.3D. 1147 (7th Cir. 2000.)* Plaintiff can bring a cause of action for violation 1681s-2(a) using 1681s-2(b). Plaintiff alleges Ocwen violated the duty to conduct an investigation into Plaintiffs disputed information regarding his accounts. Plaintiff properly submitted his dispute to Experian in March 2014, and at this the duty to investigate the accuracy of the disputed information failed to the furnishers of that information. Under section 1681s-2(b), upon being notified by a credit reporting agency (Experian) the furnisher of information to a credit reporting agency has duties under (Fair Credit Reporting Act) to investigate disputed information and correct it as necessary. *Haynes v. Navy Federal Credit Union, and Iheberme v. Capital one N.A. 933 F. Supp. 2d. 86, 111(D.D.C 2013)*. In addition, should the furnisher discover that the information has been providing any CRA is incorrect, the furnisher must

notify all the CRAs (Experian, Equifax, and Trans Union, LLC.) to which it provides information of the errors, and either modify, delete, or block reporting of the information to the CRAS 1681s-2(b)(1)(D) and state statute 1681s-2(b)(1)(t), *912 F. Supp. 2d 997.*

Plaintiff alleges that the Ocwen utterly failed in their duty. If, after being notified of the dispute by the consumer reporting agency (Experian) the furnishers in this action had reviewed and investigated all of the relevant information they would have quickly realized that the plaintiff mortgages had been discharged in a bankruptcy proceeding February 8, 2012. After discovering their error, the furnishers would have realized their information was inaccurate and they would have notified the CRAs of the error, modified, deleted, or blocked the inaccurate information. The fact that the incorrect information was not modified or deleted, and the correct information was not transmitted to the credit bureaus shows a lack of investigation on the furnisher/mortgagee's part. Plaintiff alleges no investigation was made in his case. More than two years after his bankruptcy, and more than 8 months after his dispute (with the exception noted above) and all of these accounts are being as either current, past due or in foreclosure. (See Exhibit A, B, credit reports) Plaintiff maintains that the furnishers in this case was negligent in allowing this inaccurate information

to sit on his credit report for nearly two years. See state statute 1681(o) which gives a private cause of action for negligence on part of furnishers and CRAs. Plaintiff also, maintains that because of the risks of ignoring the bankruptcy order discharging his mortgages was an action entailing an unjustifiably high risks of harm (to plaintiff's credit), and that the risks of ignoring the discharge was known by the furnishers or was so obvious that it should have been known, Plaintiff alleges that furnishers violated 1681(n) of title 15 of the United States Code with willful violation of the F.C.R.A.

Additionally, Plaintiff that Experian and Transunion did not perform their duties under the F.C.R. A. Specifically, subsection 1681(e) of title 15 requires CRAs to maintain responsible procedures of meeting the needs of commerce for consumer credit, personal, insurance and other information which is fair equitable to the consumer, with regards to the confidentiality, accuracy, relevancy, and proper utilization of such information. Plaintiff alleges when Experian received notice of this dispute they had a duty not only to notify the furnishers of the dispute but they had a duty to re-investigate the disputed information. A reasonable investigation which CRAs has an obligation to perform under the act would have shown the furnishers in this action was providing inaccurate information, and Experian and Trans Union would have moved quickly to correct inaccurate items on

the credit report. The correction of inaccurate items are also a CRA obligation under this act. Because the information being inaccurate on Plaintiff's credit report, Plaintiff alleges that Experian and Trans Union alike violated the law in not performing their duties under the act. If they had followed reasonable procedures, Plaintiff maintains that his report would have been correct (for instance, Experian and Transunion could have looked for conflicting information in the report of the court order and furnisher information). That they did not, and that the information being incorrect shows a clear violation. (*See Exhibit A, page .19, Ocwen first mortgage acct# 713127, See page .6, American Education Services account # 4475080879PA0, same account see Exhibit F, page .3*) Also, Plaintiff alleges that Experian and Trans Union, LLC, performed their actions in this case in a reckless manner without regard of the risks of harm to the Plaintiff. Trans Union and Experian did not follow reasonable procedures to assure maximum possible accuracy of the information concerning the plaintiff when they prepared his credit report with Trans Union, LLC (AES account #4475080879PA0) on October 27, 2013, (exhibit F) and when plaintiff got an updated copy from Experian (Accounts Ocwen # 713127, and American Education Services AES # 4475080879PA0) on June 17, 2014, which are violations of 1681e(b) by not reflecting his discharged bankruptcy case #11-

15686 (See Exhibit C). Plaintiff alleges that their actions are willful under statute 1681(n). Next, Plaintiff alleges that Ocwen in this case violated the Real Estate Settlement Procedures Act, Specifically the credit protection of this act, which reads:

**During the 60-day period beginning on the date of servicer's receipt from any borrower of a qualified written request relating to a dispute regarding borrower's payments, a servicer may not provide information regarding overdue payment owed by such borrower and relating to such qualified written request, to any consumer reporting agency. (As such term under state statute 1681a.)**

Plaintiff alleges the information regarding his accounts continued to be reported even though they were in dispute. When Plaintiff made his dispute March 21, 2014, the account should have stopped being reported by the furnisher for 60 days. However, Plaintiff maintains at no time did the accounts ceased being reported thereby damaging his credit even further in violation of this act. Because of the furnisher's action in violation of this act, Plaintiff's credit was not protected.

## CONCLUSION

Finally, Plaintiff maintains that the defendants in this action were in a willful and malicious manner by publishing and maintaining inaccurate credit information about the Plaintiff. The publishers/furnishers of the information, information that Plaintiff still owed a debt to all credit

mortgage companies and other loans when this was not the case, Ocwen, Experian and Trans Union refused to adopt reasonable procedures in the handling of Plaintiff's credit information and was done in either recklessness disregard for the truth or knowledge that its statements were false. *Haynes, 825 F. Supp 2d. 285, 288 (D.D.C. 2011)*. This caused intentional damage to the Plaintiff's credit. Plaintiff has been denied credit by several creditors because of this inaccurate information. This inaccurate information and intentional damage has caused the Plaintiff emotional damage. Specifically, Plaintiff, who was healthy before discovering these inaccuracies, have suffered from depression, panic attacks, insomnia as well as relationships with other people. Also, Plaintiff is a full-time college student and grades had significantly suffered during these actions and while trying to get this information corrected. Plaintiff has also suffered extreme fright due to the foreclosure proceedings which he has maintained would have never taken place, but for the inaccurate information. Plaintiff has seen a doctor for these problems and on medication for these problems. (See exhibit D).

**WHEREFORE**, Plaintiff requests that judgment be entered against all defendants Ocwen Loan Servicing, LLC., Experian Information Solutions, Inc., Trans Union, LLC and any further relief as may be just and proper and the court to order these Defendants to pay:

1. $1000.00 a piece for each separate violation of the Fair Credit Reporting Act.

2. $2000.00 a piece for actual damages and or as the court will allow to compensate plaintiff for cost incurred as a result of the damage to plaintiff's credit rating due to defendant's actions in violation of the Real Estate Settlement Procedures Act.

3. $100,000 for intentional damage to Plaintiff's credit.

4. $100,000 for intentional infliction of emotional damages.

5. $250,000 in Punitive damages to punish the Defendants.

6. $140,000 value of Plaintiff's home.

7. A permanent injunction ordering the Defendants to actively report and maintain information about the Plaintiff.

8. Cost of action as well as attorney fees to which Plaintiff is entitled.

Respectfully Submitted,

*[signature]*

Bruce A. Hancock, Jr. *Pro Se*
13408 Prairie View Lane
Oklahoma City, OK 73142
Phone No. (405) 812-4223
Bruce19762616@yahoo.com

PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE

CERTIFICATE OF MAILING

This serves to certify that on this 19th day of February 2015, the following defendants will be electronic mailed a stamped copy of this Second Amended Complaint to the following:

Defendants

Ocwen Loan Servicing, LLC

c/o Corporation Service Company

1201 Hays Street

Tallahassee, FL 32301-2525


Experian Information Solutions, Inc.

c/o CT Corporation System

2 N. Jackson Street, Suite 605

Montgomery, AL 36104


Trans Union LLC

c/o Prentice-Hall Corporation System Inc.

150 S. Perry St.

Montgomery, AL 36104

*Pro Se Litigant's Certificate of Service*

✓ I hereby certify that on (date) 1-18-2015, I filed the attached document with the Clerk of Court. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

_____ I hereby certify that on (date) _____, I filed the attached document with the Clerk of Court and served the attached document by (service method) _____ on the following, who are not registered participants of the Electronic Case Filing System: (insert names and addresses)

_____
Signature

# **APPENDIX OF PLAINTIFF'S EXHIBITS**

Exhibit A----------------------------------Experian Credit Report Dated 06/17/2014

Exhibit B-----------------------------Trans Union Credit Report Dated 11/30/2014

Exhibit C--------------------------------------------------Copy of Discharged Bankruptcy

Exhibit D------------------------------------Letter of Diagnosis from Case Manager

Exhibit E-------------Complaint with the Consumer Financial Protection Bureau

Exhibit F-----------------------------Trans Union Credit Report Dated 10/27/2013