# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

BRUCE A. HANCOCK, JR.,

       Plaintiff,

v.

                                      CASE NO. 5:14-cv-01380-D

OCWEN LOAN SERVICING LLC,
EXPERIAN INFORMATION SOLUTIONS,
INC., and TRANS UNION LLC,

       Defendants.

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:  5-15-2015

Appearing for Plaintiff:  Bruce A. Hancock Sr., Pro Se

Appearing for Defendant:  Kelly A. Hensley for Defendant Trans Union LLC; Joseph C. Van Asten appearing for Experian Information Solutions, and Michael George for OCWEN Loan Servicing, Inc.

### Jury Trial Demanded ☒ - Non-Jury Trial ☐

1.    **BRIEF PRELIMINARY STATEMENT**. State <u>briefly</u> and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

#### Plaintiff's Brief Preliminary Statement:

       Plaintiff has a claim against Ocwen LLC, Experian and Trans Union, LLC for inaccurate credit reporting.  Plaintiff's claims arise from the unreasonable procedures regarding the publishing of accounts by Ocwen LLC, Experian and Trans Union, LLC. Plaintiff maintains that his accounts did not reflect his chapter 7 bankruptcy discharge received February 8, 2012, and therefore should no longer be reported as current and or outstanding.  Plaintiff had disputed information with all defendants and they refused to update with the accurate information.  The main Defendant Ocwen continued reporting information even after the dispute of the reporting of plaintiff's mortgage payments.  This inaccurate reporting has caused plaintiff severe emotional distress and financial loss.

#### Defendant Trans Union LLC's Brief Preliminary Statement:

       As discovery has yet to commence, Trans Union cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiff.  Upon information and belief, Trans Union has accurately reported credit information pertaining to the Plaintiff.  Further, Trans Union properly investigated Plaintiff's disputes as

required by the FCRA, updated the information as appropriate, and timely reported the results of those investigations to Plaintiff.  At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.  Trans Union accepted information regarding Plaintiff from reliable sources.  Trans Union may reasonably rely upon the creditor, the party actually responsible for the reinvestigation under 1681 s-2(b).  Trans Union has not acted with malice, negligent, willful or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Trans Union has fully complied with the FCRA.  Trans Union will also show that any alleged damage suffered by Plaintiff was not caused by Trans Union.

In addition, at this time Trans Union does not have knowledge or possession of facts or documents controlled by the Plaintiff and/or any underlying creditors.  Therefore, this statement is based on the facts known by Trans Union at this time.  Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

## Defendant Experian Information Solutions, Inc.'s Brief Preliminary Statement:

Experian is a "consumer reporting agency" as that term is defined by the FCRA.  Upon information and belief, Experian contends that it has accurately reported credit information pertaining to Plaintiff.  Experian further contends that it properly reinvestigated Plaintiff's disputes regarding the tradelines at issue as required by the FCRA, updated the information as appropriate, and timely reported the results of those reinvestigations to Plaintiff.  Experian also maintained and followed reasonable procedures to assure maximum possible accuracy of the tradelines at issue.  Experian has not acted with malice, negligent, willful, or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Experian has fully complied with the FCRA in its handling of Plaintiff's disputes.  Experian will also show that any alleged damage suffered by Plaintiff was not caused by Experian.  This statement is based on the facts known by Experian at this time prior to it receiving any discovery from Plaintiff, the other co-defendants, and third parties.

## Defendant Ocwen Loan Servicing's Brief Preliminary Statement:

As discovery has yet to commence, Ocwen cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiff.  Ocwen as the servicing agent for the holder of the Note and Mortgage, executed by Plaintiff on or about June 5, 2005, constituting the loan account ("loan account") at issue, has accurately reported credit information pertaining to the Plaintiff as it relates to the loan account.  At all relevant times, Ocwen maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff's loan account in transmitting information related to Plaintiff's loan account to credit reporting agencies.

As a result of Plaintiff's default under the loan account, the Note and Mortgage were foreclosed upon and a judgment entered in Oklahoma County District Court Case CJ-

2008-2068 in favor of the then holder of the Note and Mortgage, Greenpoint Mortgage Funding, Inc., which was subsequently assigned of record to U.S. Bank National Association, As Trustee for the Certificateholders of the Bear Stearns Asset Backed Securities I Trust 2005-AC8, Asset Backed Certificates, Series 2005-AC8 aka U.S. Bank National Association, as Trustee for Certificateholders of Bear Sterns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2005-AC8. Said judgment is a final and non-appealable state court judgment establishing the loan account to be in default and estopping Plaintiff from attempt to challenging the default of the loan account or attempting to assert any claims herein which were required to be raised in the foreclosure action, whether the claims arise under state or federal law.

Subsequent to the entry of the judgment in the foreclosure action, Plaintiff filed his first of a series of nine (9) bankruptcy cases in the Bankruptcy Court in and for the Western District of Oklahoma. In Plaintiff's Bankruptcy Case 10-17238-NLJ, the Court entered an Order Dismissing Bankruptcy Case for Bad Faith Filing and Permanently Disqualifying the Debtor's Current Debts from Discharge in Any Future Bankruptcy Case on January 12, 2011. Said Order permanently barred Plaintiff from obtaining a discharge of any and all debts which were potentially subject to discharge as of the date of the filing of said case on December 1, 2010. The subject Note and Mortgage were executed on or about June 5, 2005, bringing the Note and Mortgage into the purview of the Bankruptcy Court's Order. As a result, Plaintiff is barred from ever discharging the subject loan account in any bankruptcy case. Plaintiff's claims herein are based upon allegations arising well after the entry of the Bankruptcy Court's Order. Plaintiff subsequently filed another bankruptcy case in the Bankruptcy Court in and for the Western District of Oklahoma on October 18, 2011, in case 11-15686. Plaintiff's obtainment of a bankruptcy discharge in his Bankruptcy Case 11-15686 on January 8, 2012, was of no force and effect as to the subject loan account, as Plaintiff had already been previously barred from ever discharging the subject loan account. Therefore, the subject loan account was not discharged by the discharge order entered in case 11-15686.

Ocwen has not acted with malice, negligent, willful or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Ocwen has fully complied with the FCRA. Ocwen will also show that any alleged damage suffered by Plaintiff was not caused by Ocwen, but by the actions or inactions and negligence of Plaintiff. In addition, at this time Ocwen does not have knowledge or possession of facts or documents controlled by the Plaintiff and/or any credit reporting agencies. Therefore, this statement is based on the facts known by Ocwen at this time. Ocwen makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

2.    **JURISDICTION**.  State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

Jurisdiction- Plaintiff wants all jurisdiction questions admitted.

3.     **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

Plaintiff wants to stipulate that he received a chapter 7 discharge on February 8, 2012

Defendants do not agree to Plaintiff's proposed stipulated facts as worded.

4.     **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

        a.     <u>Plaintiff</u>:  Plaintiff is asking for damages for violations for the Fair Credit Reporting Act, Real Estate Settlement Procedures Act and damages for emotional distress, reputational loss, and financial loss.

        b.     <u>Defendants:</u>  Defendants deny that Plaintiff is entitled to any damages.

5.     **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

☐ Yes  ☒ No

6.     **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).  Plaintiff anticipates filing a Motion for Summary Judgment; Trans Union anticipates filing a Motion for Summary Judgment and Motion in Limine; Ocwen anticipates filing a Motion for Summary Judgment and Motion in Limine; Experian anticipates filing a Motion for Summary Judgment and Motion in Limine.

7.     **COMPLIANCE WITH RULE 26(a)(1)**.  Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?   ☐ Yes  ☒ No

If "no," by what date will they be made?  June 5, 2015

8.     **PLAN FOR DISCOVERY**

        A.     The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on <u>May 15, 2015</u>.

        B.     The parties anticipate that discovery should be completed within <u>7 months</u>.

        C.     In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session?  <u>5 months</u>

        D.     Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

           ☒ Yes  ☐ No

E.     Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

     ☒ Yes ☐ No

     To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

     _____

F.     Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26( f)) which should be included in a particularized discovery plan.

9.     **ESTIMATED TRAIL**:  2 – 3 days

10.     **BIFURCATION REQUESTED**:  ☐ Yes ☒ No

11.     **POSSIBILITY OF SETTLEMENT**:  ☒ Good ☐ Fair ☐ Poor

12.     **SETTLEMENT AND ADR PROCEDURES**:

A.     Compliance with LCvR 16.1(a)(l)- ADR discussion:  ☒ Yes ☐ No

B.     The parties request that this case be referred to the following ADR process:

     ☐ Court - Ordered Mediation subject to LCvR 16.3
     ☒ Judicial Settlement Conference
     ☐ Other _____
     ☐ None - the parties do not request ADR at this time.

13.     Parties consent to trial by Magistrate Judge?  ☐ Yes ☒ No

14.     Typing of Scheduling Order Requested.  ☒ Standard - ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 29th day of May, 2015.


*/s/ Bruce A. Hancock, Jr.*
Bruce A. Hancock, Jr.
13408 Prairie View Lane
Oklahoma City, OK 73142
Bruce19762616@yahoo.com
**Pro Se Plaintiff**


*/s/ Kelly A. Hensley*
Kelly A. Hensley  (OBA #21973)
Strasburger & Price, LLP
2801 Network Blvd., Suite 600
Frisco, Texas 75034
Telephone: (469) 287-3925
Facsimile:  (469) 305-4298
Email: kelly.hensley@strasburger.com
**Counsel for Trans Union LLC**


*/s/ Michael George*
Brian J. Rayment  (OBA# 7441)
Email: brayment@kivell.com
Michael George (OBA#22570)
Email: mgeorge@kivell.com
Kivell Rayment & Francis
7666 E 61st Street, Suite 550
Tulsa, OK 74133
Telephone: (918) 254-0626
Facsimile:  (918) 254-7915
**Counsel for Defendant**
**Ocwen Loan Servicing, LLC**


*/s/ Joseph C. Van Asten*
Joseph C. Van Asten (TX Bar No. 24075598)
Admitted *Pro Hac Vice*
Jones Day
2727  N. Harwood St.
Dallas, TX 75201
Email: jcvanasten@jonesday.com
**Counsel for Defendant**
**Experian Information Solutions, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of May, 2015, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the electronic records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Brian J. Rayment
Kivell Rayment & Francis
7666 E 61st Street, Suite 240
Tulsa, OK 74133
brayment@kivell.com
**Counsel for Defendant**
**Ocwen Loan Servicing, LLC**

J. David Jorgenson
Inhofe & Jorgenson
427 S Boston Ave., Suite 907
Tulsa, OK 74103-4114
djorgenson@sneedlang.com
**Counsel for Defendant**
**Experian Information Solutions, Inc.**

I further certify that a true and correct copy was served to Plaintiff, *Pro Se* via United States mail and electronic mail on this the 29th day of May, 2015.

Bruce A. Hancock, Jr.
13408 Prairie View Lane
Oklahoma City, OK 73142
Bruce19762616@yahoo.com
**Counsel for Plaintiff**

*/s/ Kelly A. Hensley*
**KELLY A. HENSLEY**