# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRUCE A. HANCOCK, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. CIV-14-1380-D |
| OCWEN LOAN SERVICING, LLC, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## **O R D E R**

Before the Court are four motions to compel [Doc. Nos. 85, 86, 87, 88] (collectively, "Motions")[1], filed on November 30, 2015, by Plaintiff Bruce A Hancock, Jr., who appears *pro se*. Although not a party to this action, the Consumer Financial Protection Bureau filed a response [Doc. No. 97] on December 23, 2015. Defendant Ocwen Loan Servicing, LLC's objection [Doc. No. 98] was untimely filed on December 27, 2015.[2]

As previously stated in a March 5, 2015, Order of the Court, "[a]lthough Plaintiff is a *pro se* litigant, this Court may properly insist that he 'follow the same rules of procedure that govern all other litigants.'" *See* Order [Doc. No. 54] (quoting *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (further citations omitted)). The

---

[1] Doc. Nos. 85, 86, and 87 seek to compel document production from nonparty sources, Money Management International, Bank of America, and the Consumer Financial Protection Bureau, respectively. Doc. No. 88 seeks to compel document production from Defendant Ocwen Loan Servicing, LLC.

[2] "Each party opposing a motion shall file a response within 21 days after the date the motion was filed." LCvR 7.1(g).

Federal Rules of Civil Procedure are designed to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The same is true of the Local Rules of the Western District of Oklahoma. It is therefore essential that Plaintiff familiarize himself with and adhere to these rules.

Each of Plaintiff's Motions fails to comply with LCvR 37.1 and Fed. R. Civ. P. 37(a)(1), which both require certification of a good faith conference prior to filing discovery motions. Plaintiff's Motions contain no such certification. Additionally, Plaintiff's motion seeking to compel documents and information from the Consumer Financial Protection Bureau [Doc. No. 87] fails to comply with established case law requirements regarding third party discovery from a governmental agency. *See U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951); 12 C.F.R. §§ 1070.30-10.70.38.[3] Accordingly, Plaintiff's Motions are DENIED.

IT IS SO ORDERED THIS 5th day of January, 2016.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] *See also* the Consumer Financial Protection Bureau's response [Doc. No. 97] at 7 ("The Supreme Court has long held that a party who subpoenas records from a nonparty agency of the United States government must comply with the regulations of that agency governing the release of information in response to discovery for third party litigation. The Bureau has promulgated such so-called *Touhy* regulations for determining when to accept the burden of providing discovery for litigation between others. The Bureau's *Touhy* rules require that a party seeking discovery inform the Bureau of the circumstances relevant to the request . . . ." (citations omitted)).